UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUERRERO MONTELONGO, (A# 209-326-136),<br>Petitioner,<br>v.<br>TONYA ANDREWS, ET. AL.,<br>Respondents. | No. 1:26-CV-09379-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Mexico. He entered the United States without inspection and maintains that he arrived in August of 1996. ECF No. 5-1 at 1; ECF 1 at 5. He affirmatively filed a Form I-589 Application for Asylum, Withholding of Removal, and Protection Under the Convention against Torture with U.S. Citizenship and Immigration Services ("USCIS") on August 23, 2016. ECF No. 5-1 at 2. That the application remains pending. Id. He filed a Form I-485 Application to Register Permanent Resident with USCIS on July 2, 2021, which was "[a]administratively closed" on July 19, 2024. Id. On a date not indicated in the

record, he was placed in removal proceedings until an immigration judge ("IJ") terminated those proceedings on October 4, 2021. Id.

According to the FBI RAP sheet in the record, Petitioner has one conviction in his criminal history – he was found guilty of a misdemeanor charge of resisting arrest in 2006 for an incident that occurred in 2000. ECF No. 5-2 at 2. According to the I-213, on July 28, 2026, he was arrested and charged with driving under the influence, which is categorized as a traffic offense in New Jersey. That charge is pending. ECF No. 5-1 at 3.

Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner on August 4, 2026 when, according to his petition, he attended an "appointment in the office of migration" in New Jersey, presumably at an ICE or USCIS field office. ECF 1 at 5. The I-213 states that he was arrested by ICE "due to his criminal history." ECF No. 5-1 at 2. ICE served him with a Notice to Appear ("NTA") on August 6, 2026, charging him as removable under Immigrant and Nationality Act ("INA") § 212(a)(6)(A)(i) and inadmissible under INA § 212(a)(7)(i)(I).

Petitioner is currently detained at the California City Detention Facility located in this judicial district. ECF 1 at 2. He asserts that his detention without a pre-deprivation hearing or a bond hearing violates the Fifth Amendment due process clause. ECF 1. By way of relief, Petitioner seeks immediate release or, in the alternative, a bond hearing before an immigration judge. Id. at 17.

Respondents acknowledge that in light of Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is therefore entitled to a custody redetermination hearing in the form of a bond hearing before an immigration judge. ECF No. 5 at 1. Respondents note that Petitioner refused to sign the Form I-286 that would have allowed him to request a bond hearing, but do not object to the Court ordering a bond hearing.[1]

////

////

[1] Notably, ICE did not complete and serve the Form I-286 custody determination form until November 17, 2026, more than three months after ICE arrested Petitioner. ECF No. 5-5.

## II. Analysis

### A. Exhaustion of Administrative Remedies

Although Respondents acknowledge that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and argue that a bond hearing is the appropriate remedy here, a post-deprivation bond hearing would not resolve the due process issues in this case. Petitioner raises a due process challenge to his detention without a pre-deprivation hearing based on thirty years of living at liberty in the U.S. ECF 1 at 6. In light of this claim, the exhaustion of administrative remedies would be futile because an Immigration Judge ("IJ") does not have the authority to resolve constitutional challenges to immigration detention. See Matter of Fede, 20 I&N Dec. 35 (BIA 1989) (explaining why neither an IJ nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer); Matter of Fuentes-Campos, 21 I&N Dec. 905, 912 (BIA 1997) ("[E]ven if we were to perceive a constitutional infirmity in the unambiguous statute before us, we would be without authority to remedy it."). Therefore, the undersigned recommends that administrative exhaustion be prudentially waived in this case. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

### B. Due Process Challenge

Based on the record in this case, the undersigned finds Petitioner has a protected liberty interest in remaining free from custody based on the many years that ICE took no action to detain him despite his multiple applications to USCIS and past proceedings in immigration court. See Gagik T. v. Chestnut, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); Kharitonova v. Albarran, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding liberty interest from "government's decision not to detain Petitioner 'when it processed her asylum application, took her biometrics, referred her asylum case to EOIR, and advised her to appear for multiple hearings over a period of years' "); Zhou v. Janec[k]a, No. 5:26-CV-04167-DTB, 2026 WL 2365550, at *5 (C.D. Cal. Aug. 14, 2026) ("Courts have found a substantial liberty interest in circumstances where noncitizens commenced immigration proceedings, and the government chose not to detain them."); Hernandez Mendez v. Mullin, 26-cv-4890-JES-BJW, 2026 WL 3182367 (S.D. Cal. Oct. 23, 2026) (collecting cases and finding the

same in the context of a noncitizen who entered without inspection). "[A] a noncitizen who has lived at liberty for years while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." Gagik T., 2026 WL 1837413 at * 3. In this case, the government was aware of Petitioner's continued presence in the United States since he applied for asylum in 2016, yet ICE did not detain him. Therefore, Petitioner has a protectable liberty interest under the due process clause.

The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to determine what process was due to Petitioner based on his protected liberty interest.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for approximately thirty years in the U.S. before being detained in this case. The duration of his freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty.").

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in petitioner's favor. Petitioner was detained by ICE on August 4, 2026 and the record indicates he was not offered a bond hearing until the Notice of Custody Determination signed November 17, 2026, at which time he had been in ICE detention for over three months and in four different facilities. See ECF No. 5-5 at 1; ECF 1 at 5. The crux of the due process clause "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333. Under these circumstances, the second Mathews factor favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "the government has no

legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

**III. Conclusion**

Respondents neither argue nor explain why notice and a pre-deprivation bond hearing were not, or could not have been, provided to Petitioner. Petitioner's criminal history, consisting of one misdemeanor conviction in 2006 and one pending charge of driving under the influence, does not that Petitioner was entitled to notice and a pre-deprivation bond hearing before he could be detained. See Goncalves v. Warden, Golden State Annex, No. 1:26-cv-04179-DC-SCR, 2026 WL 3548644, at *2 (E.D. Cal. Nov. 18, 2026); Yi Yang v. Warden, Cent. Valley Annex, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without predeprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); Lucas-Roblero v. Warden, No. 1:26-cv-06366-DCCKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest).

For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondents' failure to provide Petitioner with a pre-deprivation hearing prior to detaining him. For all these reasons, Petitioner's § 2241 application should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted.
2. Respondents be ordered to immediately release Petitioner MIGUEL GUERRERO MONTELONGO (A# 209-326-136) from their custody.
3. At the time of release, Respondents be required to return all of Petitioner's documents

and possessions.

4. Respondents shall file a Notice of Compliance with the above provisions within 3 days from the date of the order.
5. The Clerk is directed to serve California City Detention Facility with any order for release.
6. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.
7. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.
8. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three court days** (i.e., excluding court holidays) after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 25, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE